# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 7, 1920.

SERVERIN KISZELEWSKI
VS.
FRANK KLEIS AND ANNA KLEIS.

*Frank D. Noel* and *Louis Hochheimer* for plaintiff.
*Edward L. Ward* for defendants.

DAWKINS, J.—

On March 19, 1851, Joseph Ruppert and George L. Kroh, the owners of the two lots now known as Nos. 1614 and 1616 Eastern avenue entered into an agreement whereby the one was to carve out of his lot a covered alley of the width of two and one-half feet and of the depth of thirty-five feet to be used in common by the owners of the two lots. In consideration for the use of said alley the adjacent owner was granted the use and benefit of and privilege of building in, upon and against the east gable end of the wall of the house of the other owner. These grants were made to the assigns or legal representatives of the respective parties. By mesne conveyances the parties to this case have become the owners of the respective lots. The holdings of the properties and the enjoyment of the privileges by the owners seem not to have been disturbed until some time in the early fall of 1919, when the defendants wished to improve their property. In order to perfect the improvements it became necessary to tear down part of their building and to remove some of the joists which projected into the plaintiff's wall, thereupon the plaintiff refused to allow the joists to be restored or the wall to be used again, whereupon the defendants claim that they could do nothing to complete their building, but to erect an independent wall. In order to erect said wall it was necessary to place the wall in said alley. To construct said wall the expenditure of a large sum of money was required. The defendants say that

the plaintiff when asked for permission to use the latter's wall flatly refused to give permission, said "to h—— with the alley," that his wall should not be touched, and that the defendants must build their own wall. It is also claimed that the plaintiff saw the alley being dug away and the wall erected without interposing any objection or protest until the work was finished.

The plaintiff says he gave notice to remove the obstruction from the alley before the work was completed through his attorney in December. The weight of testimony would rather indicate that the statements indicating knowledge and notice to build a wall were in possession of the plaintiff, from the incipiency of the work of improvement, and that the wall (new) was completed or practically so before any objection was made to its erection.

The defendants might by appropriate proceedings have forced his right under the agreement to erect the wall by joining on to the plaintiff's wall, but he did not do this. Apparently there was nothing that the defendants could do so far as getting consent to use the wall other than what he did do. The plaintiff says he never refused permission to use the wall, but this is denied by a number of witnesses, including workmen on the job and the City Inspector, all of whom could have no special interest in the matter. It is not reasonable to suppose that the defendants would have incurred the expense of building an independent wall if it could have been avoided. Their first plan of improvement indicated their intention to use the old wall. Not being able to use it he had to have other plans prepared. There is no proof that the use of this alley works any irreparable injury to the plaintiff, or in fact will cause him any special damage or injury. There are left at least two other entrances to the plaintiff's property. There is no destruction of the estate which would seem necessary to compel the building to be removed. 131 Md. 636, Bonaparte.

Abandonment of an easement must be by acts of a decided character. If one agrees or consents that a wall shall be erected over a right of way which would obstruct the enjoyment of an easement that amounts to an abandonment and extinguishment of the easement. Having given free consent to forego the use of the easement and suffered others to act and incur expenses it is then too late to retract such consent. 51 Md., Vogler vs. Geiss, 407; 92 Md., Md. Hotel Co., 710.

A party is estopped to deny the existence of a right when he was silent at the time he should have spoken. If by his acquiescence he allows another to incur expense he can not subsequently cause to be undone what he has permitted to be done. 104 Md. 198, Carmine.

There does not seem, however, to be much doubt that the remedy of estoppel would not apply in a case like this by the mere fact of silence alone on the part of the plaintiff while the work was in progress, nor could they be deprived of the use of the alley because the parties have erected this wall. Injunction would seem to be the proper remedy to have it removed if it was improperly erected. 116 Md. 265, Oberheim.

But in this case the facts present the situation that the defendants were told to go ahead and build their wall. And the plaintiff signified his intention to abandon his alley by the language used when told that the alley would be obstructed. This is different from saying nothing as in the above cited case (116 Md.) If this is true it would seem inequitable to grant the relief prayed for in the bill. The injunctions prayed for are refused. The bill is dismissed without prejudice to the plaintiff's right to pursue any remedy at law that may enable him to be compensated for any damages that he may prove that he has sustained.